IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No.: 4:08-63 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Robin Lynn Evans | ) | |

Defendant is charged with seven counts of knowingly and willfully transmitting in interstate commerce a telephonic communication containing a threat to injure another person in violation 18 U.S.C. § 875(c). Defendant was indicted on January 22, 2008 and was arraigned on February 6, 2008. On February 7, 2008, Magistrate Judge Robert L. Buchanan, Jr., granted defense counsel's motion for psychiatric examination pursuant to 18 U.S.C §§ 4241(b) and 4242(a). The report from that examination was completed on August 19, 2008 and sent to the Court by cover letter dated August 29, 2008. The report concluded that defendant was not competent to stand trial and was insane at the time of the alleged offenses.

By Order filed March 3, 2009, defendant was committed for a second evaluation to determine whether there was a substantial probability that the defendant would in the foreseeable future become competent to stand trial. The Report from this evaluation was completed on July 24, 2009 and sent to the Court by cover letter dated August 6, 2009. The Report concluded that defendant was now competent to stand trial (contingent upon strict medication compliance).

The court held a bench trial in this matter on September 11, 2009 and based on the stipulations of the parties, the Court found the defendant not guilty by reason of insanity. Following

1

the hearing, on September 16, 2009, the parties filed their stipulations previously presented to the Court, in which they stipulated that defendant should be found not guilty by reason of insanity under 18 U.S.C. § 4242(b)(3). Pursuant to 18 U.S.C. § 4243(a), the Court ordered a psychiatric examination to determine defendant's level of dangerousness, should he be released. The Report from this evaluation was completed on November 20, 2009 and sent to the Court by cover letter dated December 4, 2009. The Report concluded that defendant "does not currently present a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental illness." The Government does not contest the Report's conclusion, and agrees with defense counsel that immediate unconditional release is appropriate.

Under 18 U.S.C § 4243(d), Defendant has the burden of proving by clear and convincing evidence that "his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental condition or defect." The government concedes the defendant has proven by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental condition or defect. Upon finding that a defendant satisfies this burden, a district court is required by Section 4243 to grant him unconditional release. U.S. v. Baker, 155 F.3d 392 (4th Cir.) Section 4243 simply does not authorize the district court to order a conditional release when a defendant satisfies his dangerousness burden. Id. See also, US v. Jain, 174 F.3d 892 (7th Cir. 1999).

During the pendency of this case, Defendant has been incarcerated for approximately 24 months. The charged offense carries a base offense level of 12 and an estimated guideline range of

2

15-21 months. Under the statutory framework laid out in 18 U.S.C. § 4243, the Court is constrained to conclude that defendant is now entitled to be released from custody, unconditionally.

|  |  |
|---|---|
| January 22, 2010<br>Florence, SC | s/ Terry L. Wooten<br>Terry L. Wooten<br>UNITED STATES DISTRICT JUDGE |